41 C.C.P.A.(Patents)

**HYLO CO., Inc.**

v.

**JEAN PATOU, Inc.**
**Patent Appeal No. 6063.**

United States Court of Customs and Patent Appeals.
June 30, 1954.

Rehearing Denied Sept. 15, 1954.

O'Connell and Cole, Judges, dissented.

Fulbright, Crooker, Freeman, Bates & White, Washington, D. C., Milton Eckert, and James F. Weiler, Houston, Tex., for appellant.

S. Stephen Baker, New York City, for appellee.

Before O'CONNELL, JOHNSON, WORLEY, COLE, and JACKSON (retired), Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Examiner-in-Chief, representing the Commissioner of Patents, reversing the decision of the Examiner of Trade-Mark Interferences dismissing appellee's petition for cancellation of appellant's trademark "Joy Suds" for use on "a preparation used in the bath having water softening and skin beautifying properties" which in the record has been referred to as a Bubble Bath. 97 U.S.P.Q. 298.

Appellee's petition for cancellation is based upon its ownership of registration No. 282,355, for the mark "La Joie De Jean Patou" as applied to "perfumes, toilet waters, face powder, talcum powder, sachet, brilliantine, bath salts, face cream, face lotions and lip rouges," and upon its allegations of prior use and ownership of the mark "Joy" as applied to perfumes. Appellee's mark "Joy" was registered in 1950.

It is alleged in appellee's petition for cancellation that the goods of the parties are of the same descriptive properties and that the use of appellant's mark "Joy Suds" on its goods is such as to cause confusion and deception as to the origin of the goods.

Appellant in its answer has generally denied the material allegations of the petition for cancellation and, as an affirmative defense, has alleged that appellee, by reason of laches, is estopped to contest appellant's right of registration of its mark "Joy Suds."

Both parties have filed testimony and briefs and were represented at the oral hearing.

The Examiner of Interferences was of the opinion that there are substantial differences between the marks "Joy Suds" and "La Joie De Jean Patou" and between the toilet preparations to which the marks "Joy Suds" and "Joy" are respectively applied, and that these differences between the marks and the goods involved were controlling on the question of likelihood of confusion when considered in connection with appellant's defense of laches. He also was of the opinion that since appellant's registration of its mark "Joy Suds" under the Trade-Mark Act of 1905 has been a matter of public record since its publication in the Official Gazette appellee has been chargeable with constructive notice thereof since that date and that appellee's delay of more than eight years in bringing this proceeding, during which time appellant has built up a valuable good will in connection with its mark, constitutes such laches as to estop appellee from now asserting that it would be injured by the continued existence of appellant's registration.

The Examiner-in-Chief agreed with the Examiner of Interferences that there is little or no likelihood of confusion between appellee's registration "La Joie De Jean Patou" and "Joy Suds" but was of the opinion that appellee's mark "Joy" as applied to perfumes, and appellant's mark "Joy Suds" as applied to a preparation for use in the bath, are closely similar and would be very likely to cause confusion if manufacturers of perfumes

also make and distribute bath preparation under the same name as their perfumes and he held that there is a distinct likelihood of confusion between the mark "Joy" and "Joy Suds" when applied to the goods of the parties.

The Examiner-in-Chief was also of the opinion that the doctrine of laches, based upon constructive notice, should not be applied in the instant case unless appellant shows "increased sales, profits, investment, etc., up to the present in order to establish that respondent would be in a worse position now, if the registration were cancelled, than he would have been if the cancellation proceedings were earlier instituted." Citing Willson v. Graphol Products Co., Inc., 188 F.2d 498, 38 C.C.P.A., Patents, 1030; Lightnin Chemical Co. v. Royal Home Products, Inc., 197 F.2d 668, 39 C.C.P.A., Patents, 1031; Continental Distilling Corporation v. Bohemian Distributing Co., 95 U.S. P.Q. 160; Krantz Brewing Corporation v. Henry Kelly Importing & Distributing Co., Inc., 96 U.S.P.Q. 219.

The testimony discloses that both parties refused to state how much business they did or how much they expended for advertising. Appellant's testimony was to the effect that its sales were in *excess* of $25,000 per year beginning in 1939 and that it expended in *excess* of $12,000 per year for advertising in newspapers, pamphlets, radio and television. Also that in 1939 the Hylo Company, Inc., was incorporated for $1,000. In 1942 the capital was increased to $10,000 and further increased at different times to its present capital of $100,000.

The testimony of Mr. Smolowe, Executive Vice-President of appellee, discloses that he did not know of appellant's "Joy Suds" until it was brought to his attention by his attorney about eight months before the taking of testimony in the instant case. Therefore appellee can only be charged with constructive notice.

We think the case of Willson v. Graphol, supra, is controlling on the issue of laches. In that case we held that publication of the mark involved in the

Official Gazette of the Patent Office is constructive notice and that a party may not sit idly by for ten years after such publication and then move to have the mark so published cancelled.

In the case at bar appellant's mark "Joy Suds," was duly registered and published in the Official Gazette in 1941, since which time it has been continuously used.

Appellee brought this proceeding over eight years after appellant's mark "Joy Suds" was registered and published in the Official Gazette. Under the circumstances set forth above we think this delay of more than eight years in bringing this proceeding, during which time appellant continuously used its said mark and has built up a valuable good will in connection with the mark constitutes such laches as to estop appellee from now asserting that it would be injured by the continued existence and use of the mark "Joy Suds."

There has been some question raised as to appellant's right to the mark "Joy Suds." However, the record shows that the original Hylo Company, Inc., which was issued the mark "Joy Suds" was dissolved and its business taken over by a partnership composed of the persons who owned all of the stock in that corporation. Later, the partnership formed a new corporation, Hylo Company, Inc., in which they owned all of the stock. Each of the business enterprises maintained the use of the mark "Joy Suds." On these stated facts, we agree with the holding of the Examiner of Interferences that "the present Hylo Company, Inc., is the present successor to the business, and good will associated therewith, formerly conducted by the original registrant, and, therefore, it must be regarded as the owner of the mark 'Joy Suds,' used therein, MacWilliam v. President Suspender Co., 46 App.D.C. 45, 1917 C.D. 179."

We have carefully considered all of the arguments of the parties and cited cases, but deem it unnecessary to further

discuss them. For the reasons hereinbefore stated, the decision of the Examiner-in-Chief is reversed.

Reversed.

O'CONNELL and COLE, Judges, dissent.

JACKSON, Judge, retired, sat for GARRETT, Chief Judge.